IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-40368
Conference Calendar
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,


versus

RONALD ZUR BURLING,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:95-CR-30-01
- - - - - - - - - -
February 21, 1997

Before SMITH, EMILIO M. GARZA, and PARKER, Circuit Judges.

PER CURIAM:[*]

     Ronald Zur Burling pleaded guilty to one count of aiding and
abetting wire fraud through a check kiting scheme.  On appeal,
Burling argues that the district court erred in holding him
accountable for $149,170 in the check-kiting scheme.  The
guideline applicable to cases involving fraud is § 2F1.1.  The
amount of loss under § 2F1.1(b) is based on a defendant's
relevant conduct, which in the case of a jointly undertaken
criminal activity, whether charged as a conspiracy or not,

_____

     [*] Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

includes "all reasonably foreseeable acts and omissions of others in furtherance of jointly undertaken criminal activity." § 1B1.3(a)(1)(B).  In determining what amount was reasonably foreseeable to a particular defendant, the court should consider the defendant's relationship role in the conspiracy and his relationship with the coconspirators.  United States v. Scurlock, 52 F.3d 531, 539-40 (5th Cir. 1995).

From the evidence presented at the sentencing hearing, the district court found that Burling knew that Small kited checks as part of his regular business operations, that Burling had participated in such schemes personally, and that Burling actively and passively misled the individuals cashing Small's checks.  These findings are not clearly erroneous.  See United States v. Wimbish, 980 F.2d 312, 313 (5th Cir. 1992), cert. denied, 508 U.S. 919(1993).

AFFIRMED.